UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DURELL T. CRAIN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:24-CV-984-JVB-APR |
| ) | |
| CENTURION HEALTH OF IND, *et al.*, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

Durell T. Crain, a prisoner without a lawyer, filed a complaint against the Warden of Westville Correctional Facility, Centurion Health of Indiana, two medical directors, and several medical providers. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Crain alleges that he suffers from asthma and high cholesterol. Beginning in October 2022, while he was incarcerated at Indiana State Prison, he developed "on and off pain in [his] lungs and near [his] heart area." (ECF 1 at 3). He indicates this pain feels different than the pain he has had in the past due to asthma, and his inhaler does not always relieve the pain. Between October 2022 and September 2024, he told Dr. Nancy Marthakis, Nurse Practitioner Diane Thews, Nurse Practitioner Karen Fagan, and Nurse Practitioner Kim Pflughaupt about his symptoms. They ordered x-rays and medications even though x-rays had already been taken and the medications

had already been tried without improvement.[1] He told ISP's Health Service Administrator Sherry Fritter about his symptoms, and she did not take steps to order further testing or change his treatment.

After his transfer to Westville Correctional Facility, Crain saw Dr. Liaw. On November 14, 2024, Crain told Dr. Liaw that Singulair was ineffective, so Dr. Liaw discontinued that medication. When Crain told Dr. Liaw about his pain, Dr. Liaw told Crain to "calm down" and sent him back to his cell. *Id.* at 6. On November 26, 2024, Crain saw a nurse in response to a health care request. She too sent Crain back to his cell. Crain filed an emergency grievance about the allegedly inadequate care he received on November 14, 2024, and November 26, 2024. The next day, he began receiving prednisone, which is one of the medications that had already been tried unsuccessfully.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). "For a

---

[1] Crain does not provide a chronological summary of his care, but he alleges that he has been prescribed Singulair, Tylenol, and prednisone.

2

medical professional to be held liable for deliberate indifference to an inmate's medical needs, [they] must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, Crain describes pain in his lungs and a history of asthma which is being treated. He indicates that he has an inhaler, although it does not always eliminate his pain, which comes and goes. He indicates that at least three other medications have been prescribed to address his concerns, although none were effective. He is suing many medical providers at two different institutions because he is unhappy with his care, but he has provided only a vague overview of his problems and the medical care he has received. He has not indicated when he saw each provider, what they believed the cause of his pain was, or how they proposed to treat his pain. It cannot be plausibly inferred from the facts alleged in the complaint that any specific medical provider failed to exercise their medical judgment when addressing Crain's concerns. He is suing Warden Smiley for injunctive relief because he believes that, if an explanation for his symptoms is not found with X-ray's, EKG's, or blood tests, reasonable medical judgment would require some additional procedure, such as a CT Scan. Medical judgment does not always require additional testing, and Crain does not have a constitutional right to the medical tests of his choosing. It cannot be plausibly inferred from the amended complaint that the care Crain has received is constitutionally inadequate. Therefore, he cannot proceed on an Eighth Amendment claim against the medical providers that have treated this condition or the warden.

Mr. Crain has also named Centurion Health of Indiana as a defendant. He alleges that it has a policy, custom, or practice of considering cost savings to the exclusion of reasonable medical judgment. As noted by the Seventh Circuit, "administrative convenience and cost may be, in appropriate circumstances, *permissible factors* for correctional systems to consider in making treatment decisions." *Roe v. Elyea*, 631 F.3d 843, 863 (7th Cir. 2011) (emphasis in original). The Constitution is only violated when those factors are considered "*to the exclusion of reasonable medical judgment* about inmate health." *Id*. (emphasis in original). Crain's complaint does not allege facts that plausibly suggest that Centurion had a policy of considering cost savings to the exclusion of reasonable medical judgment. Thus, he cannot proceed on his claim regarding an alleged cost savings policy. *See Bissessur v. Indiana Univ. Bd. of Trs*., 581 F.3d 599, 602 (7th Cir. 2009).

Crain has named Regional Director Dr. Wilks and Regional Director Dr. Stephanie Riley as defendants. He alleges that they know about his dissatisfaction with his care. To the extent that Crain is attempting to hold the medical directors liable because they oversee the providers, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. The amended complaint does not allege that the medical directors were personally involved in making decisions regarding Crain's medical care. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). The amended complaint does not allege facts from which it can be plausibly inferred that Crain received constitutionally inadequate medical care or that the medical directors facilitated, approved, condoned, or turned a blind eye to any constitutionally inadequate care.

4

The amended complaint is short on facts, dates, and specifics about the medical treatment he has received. Based on what it does say, it is not plausible to infer that Crain is not receiving constitutionally adequate medical care. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Crain believes he can state a claim **based on (and consistent with) the events described in this complaint**, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form

5

which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

Crain has also filed an emergency motion asking the Court to order Warden Smiley to move him to a limited or no smoking range. (ECF 4). That request relies upon facts outside Crain's complaint. The motion also asserts facts that have nothing to do with the pain Crain has in his chest or his medical treatment for that pain. Crain cannot obtain injunctive relief based on facts not in his complaint. And Crain is cautioned that this case is about his medical care; it is not about the conditions at the prison. If he amends his complaint, his amendment should be limited to claims regarding his chest pain and the treatment of that pain.

For these reasons, the Court:

(1) **DENIES** Durell T. Crain's Emergency Motion for Court to Order Warden Smiley to Move Plaintiff to a Limited to no Smoking Range (ECF 4);

(2) **GRANTS** Durell T. Crain until **January 22, 2025**, to file an amended complaint; and

(3) **CAUTIONS** Durell T. Crain if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 19, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
